UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cr-80113-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER WESLEY BURKES,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE

This cause comes before the Court upon Defendant Christopher Wesley Burkes's ("Burkes") Motion to Reduce Sentence. DE 50. On October 11, 2018, the Court sentenced Burkes to a term of imprisonment of 57 months for the crime of being a felon in possession of a firearm and ammunition. DE 37.

Burkes previously filed two Motions to Reduce Sentence, which the Court denied without prejudice due to his failure to exhaust administrative remedies before the Bureau of Prisons ("BOP") prior to presenting his request for sentence reduction to the Court. *See* DE 45, 46, and 49. In the instant motion, Burkes states that he sent a request for compassionate release to the warden of FCI Coleman – Low, the prison in which he is confined, and that the warden denied his request. He attaches a copy of his request, which contains a handwritten note stating, "Recommend Deny at this time." DE 50-1 at 22. The Government argues in response that Burkes has not provided sufficient evidence that he exhausted administrative remedies because he has not provided proof of an actual denial. DE 52.

The Court has carefully considered Burkes's Motion to Reduce Sentence, the Government's Response thereto [DE 52], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, Burkes's Motion is denied without prejudice.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstances is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason

other than, or in combination with, the reasons described" in the application note.  *Id.* § 1B1.13, application note 1(D).

The Court need not resolve the question of whether Burkes exhausted administrative remedies before the BOP prior to filing the instant Motion.  Even if he exhausted administrative remedies, the Court concludes that a sentence reduction is inappropriate in this case.

Burkes is 37 years' old.  As a basis for sentence modification, he states that he suffers from hypertension and that he is on medication that weakens his immune system.  He asserts that he is therefore particularly vulnerable to complications from COVID-19.

As of the date of this Order, FCI Coleman – Low has one confirmed case of an inmate contracting COVID-19 and one confirmed case of a staff member contracting COVID-19.  *See* https://www.bop.gov/coronavirus/ (last visited May 8, 2020).  The BOP has implemented numerous procedures to mitigate the spread of COVID-19 in its correctional facilities.  *See* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited May 8, 2020).  These procedures include screening inmates, staff, and contractors; isolating inmates under certain circumstances; suspending visits and unnecessary inmate movement; and modifying operations to maximize social distancing such as during meal and recreation times.  *See id.*  Burkes acknowledges that FCI Coleman – Low is on "mandatory lockdown."  DE 50 at 2.

The Court is sympathetic to the health challenges that Burkes describes in his Motion.  And the Court understands that he has legitimate concerns about the further spread of COVID-19 at FCI Coleman – Low.  However, the Court must view those concerns in conjunction with the facts as best the Court is able to ascertain them.  Those facts are that FCI Coleman – Low has had only two confirmed COVID-19 cases and that the BOP has implemented mitigation measures in

accordance with its role to protect the inmates within its facilities. The Court has been presented with no information that would indicate that these measures will be ineffective at FCI Coleman – Low. Under the present circumstances, the Court does not find extraordinary and compelling reasons that warrant a reduction of Burkes' sentence.

The Court has also considered the sentencing factors in 18 U.S.C. § 3553(a) and concludes that a sentence modification is not warranted in light of those factors. *See* 18 U.S.C. § 3553(a); *see also id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence). The Court specifically notes that Burkes received a term of imprisonment at the bottom of the guideline range of 57 to 71 months and that he has served less than half of his sentence.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Christopher Wesley Burkes's Motion to Reduce Sentence [DE 50] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of May, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant, Counsel of Record